UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

PATRICIA TURNER,
                Plaintiff,

                                                  **CLASS ACTION COMPLAINT**

     -against-

CARDWORKS, INC., CARDWORKS           **DEMAND FOR JURY TRIAL**
SERVICING, LLC and CARSON
SMITHFIELD, LLC,

                Defendant(s).

-----------------------------------------------------------------X

     Plaintiff PATRICA TURNER ("Plaintiff") by and through her attorneys, M. Harvey Rephen & Associates, P.C., by Edward B. Geller, Esq., P.C., Of Counsel, as and for its Complaint against the Defendants, CARDWORKS, INC., CARDWORKS SERVICING, LLC and CARSON SMITHFIELD, LLC (hereinafter referred to as "Defendant(s)"), respectfully sets forth, complains and alleges, upon information and belief, the following:

### INTRODUCTION/PRELIMINARY STATEMENT

    1.    Plaintiff brings this action on her own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

    2.    Plaintiff PATRICIA TURNER is a resident of the State of Virginia, residing at 9063 Margaret Drive, Windsor, VA 23487.

    3.    Defendants, CARDWORKS, INC., CARDWORKS SERVICING, LLC and CARSON SMITHFIELD, LLC are Delaware companies with an office at 101 Crossways

Park West, Woodbury, New York 11797.

4. Plaintiff is a "consumer" as defined by the FDCPA, 15 USC § 1692a(3).

5. Defendant is a "debt collector", as defined and used in the FDCPA under 15 U.S.C. § 1692a(6).

## JURISDICTION AND VENUE

6. The Court has jurisdiction over this matter pursuant to 28 USC §1331, as well as 15 USC §1692 *et seq.* and 28 U.S.C. §2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## ALLEGATIONS FOR CLASS ACTION

8. Plaintiff brings this action as a class action, pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 23, on behalf of herself and all persons/consumers, along with their successors-in-interest, who have received similar debt collection notices and/or letters/communications from Defendant which, as alleged herein, are in violation of the FDCPA, as of the date of Plaintiff's Complaint (the "Class"). Excluded from the Class is Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the Defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant is. Upon information and belief, hundreds of persons have received debt collection notices and/or letters/communications from Defendant, which violate various provisions of the FDCPA.

9. This Class satisfies all the requirements of FRCP Rule 23 for maintaining a class action.

10. The Class is so numerous that joinder of all members is impracticable. Upon

information and belief, hundreds of persons have received debt collection notices and/or letters/communications from Defendant, which violate various provisions of the FDCPA.

11. The debt collection notices and/or letters/communications from Defendant, received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer".

12. There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation: (i) Whether Defendant violated various provisions of the FDCPA; (ii) Whether Plaintiff and the Class have been injured by Defendant's conduct; (c) Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and, (iv) Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

13. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

14. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.S.C. § 1692(k).

15. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

16. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of

inconsistent or varying standards for the parties.

17. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

18. Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

19. Absent a class action, the Class members will continue to suffer losses borne from Defendant's breaches of their statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Defendant's conduct to proceed and; (b) Defendant to further enjoy the benefit of its ill-gotten gains.

20. Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## **FACTUAL ALLEGATIONS**

21. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "20" herein with the same force and effect as if the same were set forth at length herein.

22. Upon information and belief, Defendant, on behalf of a third-party, began efforts to collect an alleged consumer debt from the Plaintiff.

23. Upon information and belief, and better known to the Defendant, the Defendant began its collection efforts and campaign of communications with the Plaintiff on February 26, 2015 by placing a telephone call to telephone number 757 276 1056 and leaving a voice message.

24. Defendant's message was a pre-recorded, artificial voice which stated that the call was from "Carson Smithfield," and requesting a call to 800 634 7404, and that the call was an attempt to collect a debt by Defendant, a debt collector.

25. The recorded greeting at Plaintiff's aforementioned telephone number (i.e., "Sorry we missed your call, leave a message for one of us and we'll get back to you, thanks") explicitly states that the caller has reached a telephone which is in use by multiple individuals.

26. On February 26, 2015, the Defendant's message was heard by Plaintiff's roommate, Patty Putnam, who learned thereby that Plaintiff was being sought by a debt collector to collect a debt.

27. On or about March 17, 2015, Plaintiff placed a telephone call to the number 800 634 7404 and instead of hearing that she had reached the caller, "Carson Smithfield," the recorded greeting announced that Plaintiff had reached "Cardworks Servicing, LLC," after which Plaintiff disconnected the line.

## FIRST CAUSE OF ACTION
*(Violations of the FDCPA)*

28. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "27" herein with the same force and effect as if the same were set forth at length herein.

29. Pursuant to 15 USC §1692c(b), without the prior consent of the consumer

given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than a consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

30. The Defendant violated 15 USC §1692c(b) on February 26, 2015 by communicating to the Plaintiff's roommate, Patty Putnam, that the Plaintiff was being contacted by a debt collector about a debt.

31. Pursuant to 15 USC §1692d(6), a debt collector may not place telephone calls without meaningful disclosure of the caller's identity.

32. In Defendant's voice mail messages, Defendant deliberately misidentifies itself as another company name, in violation of 15 USC §1692d(6).

33. 15 USC §1692 e – preface prohibits the use of any false, deceptive or misleading representations in connection with the collection of a debt.

34. Defendant violated 15 USC §1692 e – preface by preventing consumers from learning Defendant's accurate business name, street address and location and contact information which are only available if consumers know that Defendant's business name is "Cardworks Servicing, LLC" or "Cardworks, Inc."  By identifying itself in telephone messages to consumers as "Carson Smithfield," Defendant deliberately saw to it that Plaintiff and consumers were unable to learn any information about Defendant by means of an internet search other than the telephone number left on a voicemail and a post office box for said "Carson Smithfield." Defendant's withholding of their accurate business identity

is a deliberate attempt to curtail consumers' rights to information.

35. 15 USC §1692 e (14) prohibits a debt collector from the use of any business, company or organization name other than the true name of the debt collector's business, company or organization.

36. Defendant identifies itself as "Carson Smithfield" to consumers, withholding Defendant's true business identity, in violation of 15 USC §1692 e (14).

37. 15 USC §1692 f – preface prohibits a debt collector from using any unfair or unconscionable means in connection with the collection of a debt.

38. Defendant is in violation of 15 USC §1692 f – preface and e (10) by training, instructing and/or sanctioning agents to telephone consumers and unfairly and unconscionably leave deceptive messages which identify Defendant's company by a name which consumers will not be able to locate or learn about unless they place a telephone call to Defendant and thereby be subjected to further debt collection activity. Defendant deliberately confuses consumers by failing to properly identify their business name.

39. As a result of Defendant's neglect and carelessness in leaving a telephone message on a voice mail accessible to a third party using Plaintiff's name and debt collection disclosures, Plaintiff suffered shame and embarrassment and according to 15 USC §1692k(a)(1), Defendant is liable to Plaintiff for damages sustained because of Defendant's failure to comply with §1692 et seq. of Title 15 of the United States Code (the FDCPA) and other violations of the FDCPA.

## **DEMAND FOR TRIAL BY JURY**

40. Plaintiff hereby respectfully requests a trial by jury for all claims and issues

in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendants as follows:

- A. For actual damages provided and pursuant to 15 USC §1692k(a)(1);

- B. For statutory damages provided and pursuant to 15 USC §1692k(2)(A);

- C. For statutory damages provided and pursuant to 15 USC §1692k(2)(B);

- D. For attorneys' fees and costs provided and pursuant to 15 USC §1692k(a)(3);

- E. A declaration that the Defendant's practices violated the FDCPA;

- F. For mandatory statutory damages of $500 each provided and pursuant to 47 USC §227(c)(2)(G)(3)(B), for the first call on or about August, 2012 for a total of five hundred ($500.00) dollars;

- G. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: New York, New York
May 19, 2015

Respectfully submitted,

By: *[signature]*
Edward B. Geller, Esq.
Edward B. Geller, Esq., P.C., Of Counsel to
M. HARVEY REPHEN & ASSOCIATES, P.C.
15 Landing Way
Bronx, New York 10464
Phone:   (914)473-6783

*Attorney for the Plaintiff* PATRICIA TURNER

To:    CardWorks, Inc.
101 Crossways Park West
Woodbury, New York 11797

*(Via Prescribed Service)*

Clerk,
United States District Court, Eastern District of New York

*(For Filing Purposes)*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK          CASE NO.:

PATRICIA TURNER,

                            Plaintiff,

   -against-


CARDWORKS, INC., et.al.,

                            Defendant(s).

## CLASS ACTION **COMPLAINT**

Edward B. Geller, Esq., P.C., Of Counsel to

M. HARVEY REPHEN & ASSOCIATES, P.C.
15 Landing Way
Bronx, New York 10464
Phone:    (914)473-6783